UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICARDO RIVERA PEREZ,

    Applicant,

v.                                           CASE NO. 8:26-cv-926-SDM-NHA

BOB GUALTIERI, *et al.*,

    Respondents.

_____/

## **ORDER**

Rivera Perez applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges his detention in the Pinellas County jail as a Tampa Immigration and Custom Enforcement Facility.  Rivera Perez contends that his detention is unlawful under 8 U.S.C. § 1225, which does not allow bond or an individualized custody review, rather than 8 U.S.C. § 1226, which allows a bond or an individualized custody review.

After this action was filed, the respondent has, as *Fidencio Hernandez Alvarez v. Warden, Fed. Det. Center Miami et al.*, No. 25-14065  2026 WL 1243395 *35–36 (11th Cir. May 6, 2026), requires, provided Rivera Perez a bond hearing and set a bond amount as Section 1226 requires.  (Doc. 19)  An earlier order (Doc. 15) states that the district court will dismiss this action as moot upon confirmation that the bond hearing occurred.

Rivera Perez represents that he was released from custody and, consequently, moves to dismiss this action as moot.  (Doc. 23)  "[A] case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). *See Hall v. Beals*, 396 U.S. 45, 48 (1969) (explaining that a case is moot and dismissal is required if events occur after the case is filed that deprives the court of the ability to give the plaintiff or petitioner meaningful relief); *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000) (" '[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.' ") (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1462 (11th Cir. 1987) ("Federal courts do not have jurisdiction under the Article III 'Case or Controversy' provision of the United States Constitution to decide questions rendered moot by reason of intervening events."). Dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1227 n.14.

Rivera Perez's motion to dismiss (Doc. 23) this action without prejudice as moot is **GRANTED**. The application for the writ of habeas corpus under Section 2241 (Doc. 1) is **DISMISSED AS MOOT**. All pending motions (Docs. 9 and 13) are **DENIED AS MOOT**. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on June 9, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 2 -